FILED by RB D.C.
ELECTRONIC
Dec. 18, 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

| | |
|---|---|
| ADRIENNE D. MUNSON ) | |
| ) | **09-82439-CIV-Ryskamp/Vitunac** |
| Plaintiff, ) | |
| ) | |
| v. ) | COMPLAINT – CLASS ACTION |
| ) | |
| AT&T MOBILITY, LLC ) | |
| ) | |
| Defendants. ) | |

## CLASS ACTION COMPLAINT

1. Plaintiff Adrienne D. Munson is a resident of Wellington, Florida residing at 12689 Guilford Circle, Wellington, Florida 33414-6504. Ms. Munson is an individual consumer who is a customer of AT&T Mobility, LLC and specifically has purchased a wireless data plan that permits access to the internet by a radio device.

2. Defendant AT&T Mobility, LLC is a Delaware corporation in good standing and is authorized to do business in Florida. Defendant AT&T Mobility, LLC maintains its principal place of business at 5565 Glenridge Connector, Glenridge Two, Atlanta, GA 30342, but may be served in Florida by serving its registered agent at CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

3. Defendant sells internet access services in the State of Florida and within counties which comprise the Southern Division of this District.

4. Defendant conducts business throughout the State of Florida, including business within the Southern District.

5. Defendant regularly transacts business within this State and within the Southern District. The claims asserted in this Complaint arise from Defendant's business conducted within this State, including the Southern District. Defendant is subject to the jurisdiction of this Court.

6. Under Section 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005, this Court has "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs and is a class action in which . . . any member of a class of plaintiffs is a citizen of a state different from any defendant." Such is the case here. The amount in controversy exceeds the sum of $5,000,000.00 (five-million dollars) exclusive of interest and costs. There are thousands of members of the Class who are citizens of a state different from Defendant in this action.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## FACTS COMMON TO ALL COUNTS

8. AT&T sells wireless data plans to consumers by contract on a monthly payment plan. The purchase of a wireless data plan permits purchasers of the plan to obtain access to the internet remotely either on a computer or on a so-called smart phone such as an I-Phone, a Blackberry, or a similar device.

9. When access is by computer only, AT&T charges a monthly fee for the use of a data card. The data card permits its user to connect a computer to the internet wirelessly through a radio device embedded in the computer or through a device that connects to the computer through a PCMCIA or USB port. The data card does not transmit voice or pictures independently of the internet.

10. When AT&T's wireless data plans are sold to owners of smart phones, AT&T bills for internet access with a separate line item on the AT&T monthly bill. Generally speaking, the plans cost consumers approximately $30 per month. Plaintiff has such a plan and pays charges totaling approximately $30 per month to AT&T.

11. For certain kinds of access, AT&T charges owners of smart phones $45 per month for wireless internet access. In addition to the wireless data plan, this plan permits users to access dedicated email servers through the internet.

12. Section 202.12, Florida Statutes, imposes a sales tax of 6.8 percent on "communications services." §202.12(1)(a). That section further provides that

"[t]he gross receipts tax imposed by chapter 203 shall be collected on the same taxable [communications] transactions and remitted with the" communications sales tax. §202.12(1)(c). The gross receipts tax rate applied to communications services in Florida is 2.37 percent. §203.01(1)(b), Fla. Stat. Thus, a combined tax of 9.17 percent is generally levied on communication services in Florida on behalf of the State.

13. Additionally, local governments within Florida have the discretion to levy a Local Communications Services Tax, which is set by ordinance and varies by county and municipality. §202.19(1)-(2), Fla. Stat. Currently, the Local Communications Services Tax Rate ranges from .40 percent in Marineland, St. Johns County, to 7.40 percent in unincorporated Alachua County. *See* State of Florida Department of Revenue Communications Services Tax Rate Table *available at* https://geotax.state.fl.us/help/helpJurRate.xls. The Local Communication Services Tax Rate for Wellington, Plaintiff's city of residence, is 5.52%. *Id.*

14. Section 202.11(2)(h), Florida Statutes, defines "communications services" to exclude "Internet access service, electronic mail service, electronic bulletin board service, or similar online computer services."

15. AT&T states the charges for wireless internet access as a separate charge on its bills to customers in Florida.

16. The Internet Tax Freedom Act, Pub.L. 105-277, Div. C, Title XI, Oct. 21, 1998, 112 Stat. 2681-719 (found in note to 47 U.S.C. § 151 (1998), as amended), bars state and local governments from imposing taxes on internet access. The Act states: "No State or political subdivision thereof shall impose any of the following taxes during the period beginning November 1, 2003, and ending November 1, 2014: (1) Taxes on Internet access. . . ." Internet Tax Freedom Act §1101.

17. Under the Internet Tax Freedom Act, the term "internet access" "(A) means a service that enables users to connect to the Internet to access content, information, or other services offered over the Internet; (B) includes the purchase, use or sale of telecommunications by a provider of a service described in subparagraph (A) to the extent such telecommunications are purchased, used or sold-- (i) to provide such service; or (ii) to otherwise enable users to access content, information or other services offered over the Internet[.]" Internet Tax Freedom Act §1105(5)(A)-(B).

18. AT&T improperly and illegally collects taxes on internet access in violation of both Florida and federal law by charging Florida consumers a State sales tax for internet access, a State gross receipts tax for internet access, and a local tax for internet access.

19. Despite the prohibition on taxation of internet access under Florida and federal law, AT&T has charged and continues to charge its Florida customers with purported "taxes" for wireless internet access.

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this action on behalf of a Class consisting of all persons or entities who or which entered into a contract with AT&T for the provision of internet access through a data plan or wireless data card.

21. The class consists of all individuals who contracted with AT&T to provide internet access through an AT&T system data plan or an AT&T data card who were charged purported "taxes" for internet access.

22. Plaintiff Ms. Munson is a member of the class that she seeks to represent.

23. The class consists of thousands of individuals and, therefore, is so numerous that joinder is impracticable.

24. Plaintiff's claims are typical of the claims of the class because she and all members of the class have sustained damages as a result of AT&T's charging of purported sales "taxes" for wireless internet access.

25. There are numerous questions of law and fact common to the Class that predominate over any questions affecting only individual class members, including but not limited to the following:

    a. Whether AT&T charged Plaintiff and the Class taxes on internet access in violation of Florida and federal law;

 b. Whether AT&T's improper charging of taxes on internet access constituted a breach of contract and breach of the covenant of good faith and fair dealing to Plaintiff and the Class under Florida law;

 c. Whether AT&T's improper charging of purported "taxes" on internet access violated the Florida Deceptive and Unfair Trade Practices Act;

 d. Whether AT&T has been unjustly enriched by its retention of all or a portion of the purported "taxes" collected from Florida consumers for wireless internet access;

 e. Whether AT&T should be enjoined from collecting purported "taxes" on internet access.

 f. Whether AT&T should be required to refund the purported "taxes" on internet access it collected from consumers to Plaintiff and members of the Class.

26. All common questions are able to be resolved through the same factual occurrences as specifically and/or generally alleged herein.

27. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff has no claims antagonistic to those of the Class. Plaintiff has retained competent and experienced counsel in complex class actions and consumer actions. Counsel is committed to the vigorous prosecution of this action.

28. The prosecution of separate actions by Plaintiff and individual members of the Class against AT&T would create a risk of inconsistent or varying adjudications on the common issues of law and fact related to this action.

29. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

30. The expense and burden of litigation would substantially impair the ability of the Class members to pursue individual cases to protect their rights. In the absence of a class action, AT&T will retain the benefits of its wrongdoing and will continue to collect sales tax improperly.

31. Class certification under Federal Rule of Civil Procedure 23(b)(1) is appropriate because adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications.

32. Class certification under Federal Rule of Civil Procedure 23(b)(2) is appropriate because AT&T has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole in that AT&T has refused to cease collecting purported sales tax for internet access.

33. Class certification under Federal Rule of Civil Procedure 23(b)(3) is appropriate because the common issues of fact and law alleged herein are common

to the Class and predominate over any questions affecting only individual members, thereby rendering the class action superior to all other available methods for the fair and efficient adjudication of this controversy.

34. Class certification is also appropriate pursuant to Florida law because, as set forth in the Complaint, AT&T has acted and/or refused to act on grounds generally applicable to Plaintiff and the Class, thereby warranting appropriate injunctive and/or declaratory relief.

## COUNT I---BREACH OF CONTRACT

35. Plaintiff hereby incorporates and adopts by reference each allegation set forth in Paragraphs 1 through 34 of the Complaint.

36. At all material times, AT&T and Plaintiff were parties to a written contract for the provision of communications services and for the provision of internet access.

37. Although a copy of the contract is not attached to this Complaint, AT&T has notice of the terms of the contract because it has the contract in its possession.

38. The written contract is a form contract used by AT&T with all its customers similarly situated to Plaintiff.

39. The contract between AT&T and Plaintiff permits AT&T to charge for its services, including internet access on a monthly basis, and permits AT&T to charge Plaintiff for all applicable and legally due federal, state and local taxes.

40. The contract does not permit AT&T to charge for "taxes" that are not due under law, including purported "taxes" for access to the internet.

41. Despite the Internet Tax Freedom Act's prohibition on state and local governments imposing taxes on internet access, and Florida's law prohibiting the same, AT&T charged Plaintiff and the Class purported "taxes" for wireless internet access.

42. In so doing, AT&T breached its contract with Plaintiff and the Class.

43. As a direct and proximate result of AT&T's breach of contract, Plaintiff and the Class were damaged in the amount of purported "taxes" charged by AT&T for internet access, together with interest on the money that AT&T has wrongly charged Plaintiff and the Class.

44. As a direct and proximate result of AT&T's breach of contract, Plaintiff was obligated to retain attorneys to represent her interests in this matter.

45. The statute of limitations for breach of a written contract under Florida law is five years.

46. Any and all conditions precedent to bringing this action have been met or waived.

## COUNT II
## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

47. Plaintiff hereby incorporates and adopts by reference each allegation set forth in Paragraphs 1 through 34 of the Complaint.

48. AT&T owed Plaintiff and the Class a duty to perform its obligations under the terms of its form Contracts in good faith.

49. AT&T's breaches of the form Contracts with Plaintiff and the Class, as alleged above, also constitute a breach of their good faith and fair dealing to the Plaintiff and the Class, which is imputed into every contract in Florida under the common law of Florida and the Restatement (Second) of Contracts §205.

50. AT&T breached its duty of good faith and fair dealing to Plaintiff and the Class by unfairly charging Plaintiff and the Class purported "taxes" for internet access.

51. As a direct and proximate cause of AT&T's breach of its good faith obligations, Plaintiff and the Class were damaged in the amount of purported "taxes" charged by AT&T for internet access, together with interest on the money that AT&T has wrongly charged Plaintiff and the Class.

52. As a direct and proximate result of AT&T's breach of its good faith obligations, Plaintiff was obligated to retain attorneys to represent her interests in this matter.

53. Any and all conditions precedent to bringing this action have been met or waived.

## COUNT III
## VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

54. Plaintiff hereby incorporates and adopts by reference each allegation set forth in Paragraphs 1 through 34 of the Complaint.

55. In failing to inform Plaintiff and the Class that it intended to charge purported "taxes" that were not due and in collecting purported "taxes" that were not due to any government entity, AT&T employed deception, fraud, false pretense, false promise, misrepresentation, unfair practice and omitted, concealed and suppressed material information and failed to inform Plaintiff and the Class of a material fact in violation of Florida's Deceptive and Unfair Trade Practices Act.

56. The purpose of Florida's Deceptive and Unfair Trade Practices Act is to protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the course of any trade or commerce.

57. Florida's Deceptive and Unfair Trade Practices Act is designed to protect not only the rights of litigants, but also the rights of the consuming public at large. When addressing a deceptive or unfair trade practice claim, the issue is not whether the plaintiff actually relied on the alleged practice, but whether the practice was likely to deceive a consumer acting reasonably in the same circumstances.

58. The charging of purported state and local sales "taxes" on the sale of wireless internet access when no such tax is due or permitted is a violation of Florida's Deceptive and Unfair Trade Practices Act.

59. As a direct and proximate cause of AT&T's violation of Florida's Deceptive and Unfair Trade Practices Act, Plaintiff and the Class were damaged in the amount of purported "taxes" charged by AT&T for internet access, together with interest on the money that AT&T has wrongly charged Plaintiff and the Class.

60. As a direct and proximate result of AT&T's violation of Florida's Deceptive and Unfair Trade Practices Act, Plaintiff was obligated to retain attorneys to represent her interests in this matter.

61. Any and all conditions precedent to bringing this action have been met or waived.

62. AT&T continues to charge Plaintiff and the Class purported "taxes" on internet access. Florida law permits the Court to enter injunctive relief to stop AT&T's violations of law by continuing to charge purported "taxes" for internet access.

## COUNT IV
## UNJUST ENRICHMENT UNDER STATE LAW

63. Plaintiff hereby incorporates and adopts by reference each allegation set forth in Paragraphs 1 through 34 of the Complaint.

64. Under Florida law, AT&T may retain .75 % of the purported "state taxes" it collects for itself. Under section 202.28, Florida Statutes, "for the purpose of compensating persons providing communications services for the keeping of prescribed records, the filing of timely tax returns, and the proper accounting and remitting of taxes, persons collecting taxes imposed under this chapter …shall be allowed to deduct 0.75 percent of the amount of the tax due and accounted for and remitted to the department."

65. On information and belief, AT&T retains all or a portion of the amounts it collects as purported "taxes" for internet access.

66. AT&T collects and keeps these amounts to the detriment of Plaintiff and members of the Class.

67. AT&T thus retains funds that in good conscience and equity it should not be entitled to retain.

68. As a result AT&T is unjustly enriched at the expense of Plaintiff and the Class.

69. Accordingly, Plaintiff and the Class seek full disgorgement and restitution of the amounts AT&T has retained as a result of the unlawful and/or wrongful conduct alleged herein.

70. As a direct and proximate result of AT&T's unjust enrichment, Plaintiff was obligated to retain attorneys to represent her interests in this matter.

71. Any and all conditions precedent to bringing this action have been met or waived.

## COUNT V
## INJUNCTIVE RELIEF

72. Plaintiff hereby incorporates and adopts by reference each allegation set forth in Paragraphs 1 through 34 of the Complaint.

73. AT&T's continued charging of Plaintiff and the Class purported state and local "taxes" on internet access results in a continuing harm to Plaintiff and the Class in that Plaintiff and the Class must pay additional sums of money on a monthly basis that AT&T has no legal right to collect from them.

74. Unless enjoined from doing so, AT&T will continue to collect from Plaintiff and the Class purported state and local "taxes" on internet access.

75. Plaintiff and the Class have no adequate remedy at law in that damages can only address purported state and local "taxes" that AT&T has already collected on internet access but cannot address AT&T's ongoing collection of such purported "taxes" in violation of the law.

76. Plaintiff and the Class have no adequate remedy at law to stop the collection of such purported "taxes."

77. Plaintiff and the Class seek injunctive relief to relieve them of the continuing and ongoing burden of paying purported state and local "taxes" on internet access absent this Court's order enjoining AT&T from the collection of such "taxes."

WHEREFORE, Plaintiff on behalf of herself and the Class seek the following relief:

- A. Damages in the amount of purported state and local "taxes" illegally charged by AT&T for internet access services caused by AT&T's breach of contract and/or breach of the covenant of good faith and fair dealing implied in said contract.

- B. Damages for Plaintiff and the Class in the amount of purported state and local "taxes" improperly charged by AT&T for internet access services in violation of Florida law.

- C. Disgorgement of all funds collected by AT&T as purported state and local "taxes" for internet access not remitted to the State of Florida or any local taxing authority and return of such funds to Plaintiff and members of the Class.

D. An order of this Court enjoining the collection by AT&T of purported state and local "taxes" for internet access.

E. Attorneys' fees as permitted by common law, statute, or equity.

F. Prejudgment interest in the statutory amount.

G. All costs of this action, recovery for which is permitted by law.

H. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

_____
THEODORE J. LEOPOLD
Florida Bar No. 705608
Email: tleopold@leopoldkuvin.com
DIANA L. MARTIN
Florida Bar No. 624489
Email: dmartin@leopoldkuvin.com
WILLIAM C. WRIGHT
Florida Bar No. 624489
Email: wwright@leopoldkuvin.com
LEOPOLD~KUVIN, P.A.
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL  33410
(561) 515-1400
(561) 515-1401 (facsimile)

Edward D. Robertson, Jr.
(pro hac vice motion to be filed)
Email: chiprob@earthlink.net
Mary D. Winter
(pro hac vice motion to be filed)
Email: marywinter@earthlink.net
Anthony L. DeWitt
(pro hac vice motion to be filed)
Email: aldewitt@sprintmail.com
Bartimus, Frickleton, Robertson
& Gorny, P.C.
715 Swifts Highway
Jefferson City, Mo. 65109
573-659-4454
573-659-4460 (fax)

Harry Huge (pro hac vice motion to be filed)
Email: harryhuge@comcast.net
The Huge Law Firm LLC, Suite 3016
1080 Wisconsin Ave, N.W.
Washington, D.C. 20007
202-965-4672

Theodore Huge
(pro hac vice motion to be filed)
Email: thh@thehugelawfirm.com
Theodore Huge Law Firm LLC
31 Broad Street
Charleston SC 29401
(843) 793-29401

Bryan A. Vroon
(pro hac vice motion to be filed)
Email: bvroon@vroonlaw.com
Law Offices of Bryan A. Vroon LLC
1718 Peachtree Street Suite 1088
Atlanta Georgia 30309
(404) 607-6712
Fax (404) 607-6711

Page 18 of 18

09-82439-CIV-Ryskamp/Vitunac

Case 9:09-cv-82439-KLR Document 1-4 Entered on FLSD Docket 12/18/2009 Page 19 of 19

FILED by R.B. D.C.
ELECTRONIC
Dec. 18, 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
Adrienne Munson

**(b)** County of Residence of First Listed Plaintiff **Palm Beach**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Leopold Kuvin
2925 PGA Blvd. Suite 200
Palm Beach Gardens, FL 33410

### DEFENDANTS
AT&T Mobility

County of Residence of First Listed Defendant **Atlanta, GA**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☑ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION
☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

09 CV 82439 KLR/AEV

### III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)
| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☑ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus-Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

### V. ORIGIN (Place an "X" in One Box Only)
☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☐ NO     b) Related Cases ☐ YES ☐ NO
JUDGE                                           DOCKET NUMBER

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
Breach of Contract

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 5,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE December 18, 2009

**FOR OFFICE USE ONLY**
AMOUNT 350.00     RECEIPT # 726711     IFP